**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**Panama City Division**

**ESTATE OF JAMES A. CONWAY,**

                          Plaintiff,

**v.**

**INTEGON NATIONAL  INSURANCE COMPANY,**

                          Defendant.
_____/

## PETITION FOR REMOVAL

Defendant,  Integon National Insurance Company (hereinafter, "Integon"), by and through its undersigned counsel, hereby petitions for the removal of the civil action bearing Case Number 19002281CA on the docket of the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, to the United States District Court for the Northern District of Florida - Panama City Division. This Court has jurisdiction under 28 U.S.C. §1332, diversity jurisdiction.   The grounds for removal are as follows:

**I.     Procedural History**

Plaintiff, Estate of James A. Conway (hereinafter, "Plaintiff"), commenced a civil action on or about June 24, 2019, by filing a Complaint against Integon in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida.  The Summons and Complaint were served on Integon by electronic service of process via the Florida Department of Financial Services on August 5, 2019.  Plaintiff's Complaint  alleges one Count for breach of the lender-placed insurance policy issued by Integon to Plaintiff's lender, Midland Mortgage a division of MidFirst Bank (hereinafter,

"Midland").  Integon  timely filed a Motion to Dismiss on August 23, 2019.[1]

This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), and is subject to removal pursuant to 28 U.S.C. §1441(a) and (b).  This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II.  The Case Satisfies the Requirements for Removal to Federal Court

### A.  Diversity

This Court has jurisdiction over this civil action pursuant to 28 U.S.C.A. §1332.  Specifically, Plaintiff and Defendant are of diverse citizenship. Plaintiff in this action is the "Estate of James Conway." [2] Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."   Based upon a pending foreclosure action involving the Property, it is believed that Denise Kaylor is the Estate's "representative" or attorney-in-fact.   Exhibit "2" - Complaint, Foreclosure Action - Bay County Circuit Court Case Number 19001020CA, ¶2.   Furthermore, Kaylor, in her response to the Foreclosure Action, concedes that she is living at the Property. Exhibit "3" - Answer, Foreclosure Action.  Plaintiff is a citizen of the State of Florida, as it owns the property located at 142 Santee Drive, Panama City, FL 32404.  Public records obtained from the website of the Bay County Property Appraiser indicate that the Property was owned by the decedent, James Conway.  Exhibit "4" - Property Appraisal Report.  Therefore, Plaintiff, by virtue either the Estate of Conway is a

---

[1]  Copies of Plaintiff's Complaint and exhibits, as well as all documents filed in Bay County Circuit Court Case Number 19002281CA are attached to this Petition as Defendant's Composite Exhibit "1."

[2]  The Complaint does not identify the name of the Estate Trustee(s) or representative(s).

citizen of Florida, or its attorney-in -fact, Denise Kaylor is a citizen of Florida.

Defendant, Integon, is a North Carolina Corporation with its principal address located in the State of North Carolina. *See* Print-out from the website of the Florida Department of State, Division of Corporations, which is attached hereto as Exhibit "5."  Integon is *not* a Citizen of Florida.

Accordingly, diversity of Citizenship is present in this action.

## B.    Amount in Controversy

The amount in controversy in the instant litigation exceeds $75,000 exclusive of interest and costs. Plaintiff's Complaint claims that Plaintiff is entitled to recover damages, which Plaintiff alleges was caused by a covered peril. The Complaint alleges that Plaintiff has estimated damages to the property at $145,084.05, but is otherwise silent as to the damages Plaintiff is seeking. *Exhibit "1"* - Complaint, Composite Exhibit "A".  However, if a Plaintiff in a diversity action has not pled a specific amount of damages, a defendant can properly remove the matter to Federal Court if it can demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *reh'g en banc denied*, Nos. 06-16324, 06-16325, 2008 WL 41327 (11th Cir. Jan. 3, 2008), *petition for cert. filed*, 16 U.S.L.W. 3540 (U.S. Apr. 1, 2008) (No. 07-1246).

In the instant case, Plaintiff is attempting to recover damages pursuant to a lender-placed policy of insurance issued by Integon (Policy Number7007-002, Control Number Q4173656) to the Named Insured, Midland, with the Borrower listed as Estate of James Conway.  *See generally, Exhibit "1"* - Complaint and Motion to Dismiss, Composite Exhibit "A."  As set forth in the Complaint, Plaintiff reported damage to his home due to Hurricane Michael with a October 10, 2018

date of loss.  *Id.* - Complaint at ¶11.  In response to the claim, Integon retained Pasco Services Group

(hereinafter, "Pasco") to investigate the loss.  On November 2, 2018, a field adjuster from Pasco

inspected the residence. Thereafter, the claim was adjusted and Integon issued a partial denial of the

claim.  Plaintiff's lender, Midland, was issued payment in the total sum of $88,298.11, before

deductibles and depreciation, as set forth in the correspondence to Plaintiff and Midland attached

hereto as Exhibit "6."  Despite this payment, Plaintiff continues to dispute the value of the loss.  In

its Complaint, Plaintiff alleges that Defendant "has refused and continues to refuse to pay the full

amount of Plaintiff's claim." *Exhibit "1"* - Complaint ¶¶ 13, 14 and 16.  The Complaint also alleges

that Plaintiff provided Defendant with a Scope and Repair Estimate as well as Sworn Statement in

Proof of Loss *Id*. - Complaint, ¶11 and Composite Exhibit "A."  The estimate totals $145,084.05.

*Id.* The amount of disputed damages are the Plaintiff's estimate, less sums paid on the claim before

deductibles and depreciation ($145,084.05 - $88,298.11 = $56,785.94) *plus attorneys' fees*.  Based

on the above, Plaintiff seeks damages for repairs to his property in the amount of $56,785.94,

exclusive of any attorneys' fees and in excess of $75,000 when attorneys' fees are factored in.[3]

  Plaintiff's Complaint alleges entitlement to attorneys' fees pursuant to Florida Statute

§627.428.   *Id.* - Complaint, ¶18 and WHEREFORE clause.  Statutory attorneys' fees can be

considered by this Court, in addition to other claims for damages, in determining the amount in

controversy for jurisdictional purposes.  When a statute authorizes the recovery of attorneys' fees,

and the plaintiff has requested attorneys' fees, a reasonable amount of those fees is included in the

---

[3]  Nothing in this pleading or in the referral to these estimated costs should be considered an admission of liability by Integon nor should it have any bearing on the defenses or rights available to Integon in this litigation. Rather, this information is being submitted solely with regard to the issues of the amount in controversy as it relates to Federal Diversity Jurisdiction.

amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201 (1933); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir.2000). To determine whether those fees are reasonable a court may look at evidence within the complaint and the defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden. *See Pretka v. Kilter City Plaza II*, 608 F.3d 744, 754-755 (11th Cir. 2010); *Mirras v. Time Ins. Co.*, 578 F.Supp.2d 1351, 1352 (M.D.Fla.2008); *Northup Props., Inc. v. Chesapeake Appalachia LLC*, 567 F.3d 767, 770-71 (6th Cir. 2009) (concluding that the defendant's affidavit were specific enough to prevent the determination of the amount in controversy "from becoming a matter of judicial star-gazing"). The evidence provided must establish by a preponderance of the evidence that the attorneys' fees are not speculative, however the evidence does not need "to establish the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka*, 608 F.3d at 755. Accordingly, Defendant must demonstrate, by a preponderance of the evidence, that Plaintiff is seeking more than $18,214.06in attorneys' fees ($75,000.00 - $56,785.94 = $18,214.06).

Attorneys' fees projections are calculated using the "lodestar fee" method, i.e., multiplying the attorneys' reasonable hourly rate - determined based on the "prevailing rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation" - by the number of hours reasonably expended in the litigation. *See, e.g., Norman v. Housing Authority of the Coty of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Plaintiff's Complaint does not state the amount of damages it is seeking for attorneys' fees or its counsel's hourly rate. Conversely, Integon has presented an Affidavit of Joseph Gelli, Esq., of Garrison, Yount, Forte & Mulcahy, LLC in support of its assertion that the attorneys' fees, pursuant to §627.428, Florida Statutes, will exceed $6,123.16. A copy of the

affidavit is attached hereto as Exhibit "7." Attorney Gelli opines that $300 per hour is a reasonable rate for Plaintiff's counsel. *See Exhibit "7,"* ¶ 6.f. Attorney Gelli further opines that Plaintiff's counsel would be expected to spend at least 35 hours in the pleading, discovery, review of documents, and motion practice; 32 hours preparing for, and attending, the depositions and mediation; and 30 hours for trial preparation and participation in trial. *See Exhibit "7,"* ¶ 6.e. Accordingly, the Affidavit of Gelli provides strong evidence that the likely amount of attorneys' fees will be at least $29,100. *See Exhibit "7,"* ¶7, which clearly exceeds $18,214.06 and satisfies the $75,000 jurisdiction threshold.

Furthermore, under Florida law, a risk multiplier can be applied by the Court in determining the amount to award a prevailing insured in an action against its insurance company on a breach of contract claim. *Holiday v. Nationwide Mut. Fire Ins.*, 864 So.2d 1215 (2004). This means that the reasonable number of hours to litigate the case multiplied by the reasonable hourly rate, can also be increased by the multiplier resulting in a much higher number for the amount of attorneys' fees if Plaintiffs meets these burdens. Accordingly, considering just these categories of damages alleged by the Plaintiff, the amount in controversy in the instant litigation easily exceeds the sum of $75,000, exclusive of interest and costs.

## III.    <u>Removal is timely</u>.

This Petition for Removal is filed within thirty (30) days from the date on which Defendant, Integon, was served, *i.e.*, August 5, 2019. Accordingly, this Petition is timely under 28 U.S.C. §1446(b)(1).

## IV.    <u>All required documents from the Circuit Court Action are attached</u>.

Pursuant to 28 U.S.C. §1446(a) copies of all process, pleadings, and orders served between

Plaintiff and Defendant are included, together with this Petition for Removal, which are attached hereto as Composite Exhibit "1".

**V.**      **Proper Notice of this Petition for Removal has been provided to all Parties and the Court**.

Concurrent with the filing of this Petition for Removal, notice is being given to all parties, and a copy of this Petition for Removal is being filed with the Clerk of Court for the Fourteenth Judicial Circuit Court in and for Bay County, Florida.

WHEREFORE, Defendant, Integon National Insurance Company, gives notice that the proceeding bearing Case Number 19002281CA on the docket of the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, entitled *Estate of James A. Conway v. Integon National Insurance Company*, is removed therefrom to the docket of this Court for trial and determination as provided by law. Defendant, Integon National Insurance Company, prays that this Honorable Court enters such orders and issues such processes as may be proper to bring before it a copy of all related records and proceedings in the State Court and thereupon proceed with this civil action as if it had originally commenced in this Court.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via

CM/ECF to:  Michael A. Puchades, Esq., Law Office of Michael A. Puchades, P.A., 6815 Biscayne

Boulevard, Suite 104, No. 464, Miami, FL 33138 (michael@mapuchadeslaw.com) this 30th  day of

August, 2019.

By:     */s/ Charles Andrew Tharp*
Charles Andrew Tharp, Esquire
Florida Bar No.: 0746134
LEITER, BELSKY & THARP
Attorneys for Defendant
707 S.E. Third Avenue, 3rd Floor
Fort Lauderdale, Florida 33316
(954) 462-3116 - Office
(954) 761-8990 - Facsimile
Atharp@lbtlegal.com - primary
Wstraus@lbtlegal.com - secondary